IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>HUMBERTO GARCIA-GARMONA and DIANA BARTA,<br><br>     Defendants. | 8:16-CR-91<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the motion to suppress filed by defendant Humberto Garcia-Garmona (filing 35), the motion to suppress filed by defendant Diana Barta (filing 37), the Magistrate Judge's findings and recommendation (filing 62) recommending denial of those motions, and Garcia-Garmona's objection (filing 65) to the findings and recommendation. The Court will overrule the objection, adopt the findings and recommendation, and deny the motions to suppress.

  To begin with, Barta has not objected to the Magistrate Judge's findings and recommendation. 28 U.S.C. § 636(b)(1) provides for de novo review only when a party objected to the magistrate's findings or recommendations. *Peretz v. United States*, 501 U.S. 923 (1991). The failure to file an objection eliminates not only the need for de novo review, but *any* review by the Court. *Thomas v. Arn*, 474 U.S. 140 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609 (8th Cir. 2009). Accordingly, the Court will adopt the findings and recommendation with respect to Barta and deny her motion to suppress.

  Garcia-Garmona has objected to the Magistrate Judge's findings and recommendation, *see* filing 65, and accordingly, the Court has conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1). As the Court understands Garcia-Garmona's objection, it raises five issues: (1) whether there were grounds to stop the vehicle in which Garcia-Garmona was riding, (2) the scope of the pat-down search conducted at the scene of the stop, (3) whether there was probable cause to arrest Garcia-Garmona, (4) whether Garcia-Garmona's *Miranda* waiver was valid, and (5) whether Garcia-Garmona validly consented to a residential search. After its de novo review of the record, the Court agrees with the factual findings the Magistrate Judge

read into the record, *see* filing 68 at 106-16, and her recommendation that the motion to suppress be denied, *see* filing 62.

Specifically, the Court finds that the stop of the vehicle in which Garcia-Garmona was a passenger was valid for two reasons. First, the officers' testimony was credible regarding the commission of a traffic infraction, which provided reasonable suspicion to initiate a traffic stop. *See United States v. Binion,* 570 F.3d 1034, 1038 (8th Cir. 2009); *see also Rodriguez v. United States,* 135 S. Ct. 1609, 1614 (2015). Second, information from a reliable confidential informant indicating the presence of methamphetamine in the vehicle independently provided not only reasonable suspicion, but probable cause to stop the vehicle and investigate. *See, United States v. Patrick,* 776 F.3d 951, 955-56 (8th Cir. 2015); *United States v. Morales,* 238 F.3d 952, 953-54 (8th Cir. 2001).

Once the vehicle was stopped, officers were justified in requiring the occupants to exit the vehicle, and—based on reasonable suspicion of drug trafficking—in patting them down. *See, Rodriguez,* 135 S. Ct. at 1615-16; *Arizona v. Johnson,* 129 S. Ct. 781, 787 (2009); *United States v. Gaffney,* 789 F.3d 866, 870 (8th Cir. 2015), *cert. denied,* 136 S. Ct. 1229 (2016); *Binion,* 570 F.3d at 1039-40; *United States v. Brooks,* 290 F. App'x 955, 960 (8th Cir. 2008); *United States v. Bustos-Torres,* 396 F.3d 935, 943 (8th Cir. 2005); *United States v. Brown,* 913 F.2d 570, 572 (8th Cir. 1990). After that pat-down revealed apparent contraband, the officers were justified in seizing the contraband and arresting Garcia-Garmona. *See Binion,* 570 F.3d at 1040; *see also United States v. Jerde,* 481 F. App'x 280, 283 (8th Cir. 2012). The Court agrees with the Magistrate Judge that considering the totality of the circumstances, Garcia-Garmona's *Miranda* waiver was voluntary, knowing, and intelligent. *See, United States v. Gayekpar,* 678 F.3d 629, 638-39 (9th Cir. 2012); *United States v. Marquez,* 605 F.3d 604, 609 (8th Cir. 2010); *United States v. Shan Wei Yu,* 484 F.3d 979, 985-86 (8th Cir. 2007); *United States v. Contreras,* 372 F.3d 974, 977-78 (8th Cir. 2004). And finally, consent to search the defendants' shared residence was validly given for two reasons. First, the Court agrees with the Magistrate Judge that Garcia-Garmona's testimony with respect to the consent-to-search form is not credible, and that the unclear writing below Garcia-Garmona's signature was insufficient to mitigate or withdraw Garcia-Garmona's otherwise-unambiguous consent to search. *See United States v. $304,980.00 in U.S. Currency,* 732 F.3d 812, 820-21 (7th Cir. 2013). And second, even had Garcia-Garmona failed to consent, Barta's consent to search—which is no longer under dispute here—was sufficient to support the residential search because Garcia-Garmona did not object in person to the search. *See Fernandez v. California,* 134 S. Ct. 1126, 1129-30, 1135-36 (2014).

IT IS ORDERED:

1. Garcia-Garmona's objection (filing 65) is overruled.

2. The Magistrate Judge's findings and recommendation (filing 62) are adopted.

3. Garcia-Garmona's motion to suppress (filing 35) is denied.

4. Barta's motion to suppress (filing 37) is denied.

Dated this 6th day of July, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge