IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HUMBERTO GARCIA-GARMONA,

Defendant.

8:16-CR-91

AMENDED TENTATIVE
FINDINGS

The Court has received the presentence investigation report in this case. The defendant has filed a motion for variance (filing 124).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is

a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has moved for variance (filing 124) on several grounds. Primarily, the defendant's argument is based on his personal circumstances. *See* filing 126. The Court will resolve those arguments at sentencing, based on the § 3553(a) factors.

The defendant also makes two arguments that, while presented in a brief supporting a motion for variance, appear to take issue with the presentence report: the defendant suggests that the drug weight attributable to the defendant in this case is inflated, and that the firearm found in his apartment was not possessed in connection with the offense. But the Court's tentative finding is that the presentence report is correct in both respects: the plea agreement provides that the defendant should be held responsible for 15 to 45 kilograms of methamphetamine mixture, filing 100 at 4, and the loaded firearm was found in a bag in the living area of the apartment where drugs were also found.[1] The Court will, however, consider the mitigating circumstances suggested by the defendant on these issues when weighing the appropriate sentence pursuant to § 3553(a).

Finally, the defendant suggests that the Court should vary from the Sentencing Guidelines for methamphetamine offenses based on policy grounds. Filing 126 at 11-13. The Court is aware of its authority to do so. *See,* *Kimbrough v. United States,* 552 U.S. 85 (2007); *United States v. Abraham,* 944 F. Supp. 2d 723, 727-28 (D. Neb. 2013). However, the Court is not persuaded that rejection of the methamphetamine guideline is warranted. *See,* *United States v. Garcia,* No. 4:13-CR-3130, 2016 WL 6471107, at *4 (D. Neb. Oct. 31, 2016); *United States v. Munoz-Ramon,* No. 8:13-CR-244 (D. Neb. filed Sept. 17 and Nov. 24, 2014), *aff'd,* 614 F. App'x 857 (8th Cir.), *cert. denied,* 136 S. Ct. 700 (2015). The Court will not vary from the guidelines on that basis.

---

[1] The defendant suggests that information found in the discovery file may have been improperly considered by the Probation Office. Filing 126 at 8-9. This argument is without merit: the fact that the plea agreement permitted the Probation Office to use information possessed by Pretrial Services does not mean that the Probation Office could consider *only* information possessed by Pretrial Services.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 14th day of February, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge